NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESAR EDUARDO GONZALEZ
REVOLORIO, AKA Cesar Mendez-
Mendez,

          Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   15-71341

Agency No. A200-963-437

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Cesar Eduardo Gonzalez Revolorio, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing Revolorio's appeal from an immigration judge's ("IJ") decision

denying Revolorio's application for asylum, withholding of removal, and relief

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1), and we deny in part and dismiss in part the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in finding that Revolorio did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 919 F.3d 1169, 1175 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). We lack jurisdiction to consider Revolorio's claimed social group of Guatemalans the police cannot and will not protect from gangs, because he did not raise that social group before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir.

2004) (court lacks jurisdiction to review claims not presented to the agency).

Thus, Revolorio's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Revolorio failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

Revolorio's due process claim is not colorable because it amounts to nothing more than disagreement with the BIA and IJ's decisions. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**